JOHN KINNEY

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa January 23, 1884.*

1. CRIMINAL LAW—*when party may act by taking life in self-defence.* To justify a defendant in shooting and killing another, it is not enough that he be under reasonable apprehension of danger, but he must at the time have not only a reasonable, but a well grounded, belief, from the surrounding circumstances, that he is actually in danger of losing his life or receiving great bodily harm.

2. SAME—*limitation on right to take life in self-defence.* Although a defendant, before taking the life of his adversary, may be assaulted in such manner as to induce in his mind a reasonable and well grounded belief that he is in danger of losing his life or receiving great bodily harm, yet if he has sought for and attempted to provoke a personal difficulty with the deceased,

and becomes the first assailant, or, being the first assailant, does not really and in good faith endeavor to avoid any further struggle before taking life, or if he has sought and attempted to provoke a personal difficulty with the deceased with the intent to kill him if he should make the first assault, he can not be justified in the killing upon the ground of self-defence.

3. If a defendant, without previous malice against the deceased, and with no intent to take his life, seeks for and provokes a personal difficulty with the deceased, which results in an assault upon him by the deceased with a deadly weapon, contrary to the expectation of the defendant, who in return shoots the deceased, from which act death ensues, the homicide, in such case, can not be justified upon the ground of self-defence, and will amount to manslaughter.

4. INSTRUCTION—*in language of statute, as to self-defence.* On the trial of one for murder, where the defence was that the defendant acted in self-defence, the court, on behalf of the People, gave an instruction which was a *verbatim* copy of sections 148 and 149 of the Criminal Code: *Held,* that the court did not err in giving the same. It seems that an instruction in the language of section 149, standing alone, might be liable to mislead, and erroneous, as debarring the party threatened with danger of the right to determine, from the actual state of things surrounding him, as to the necessity of resorting to self-defence, but when that section is coupled with section 148, the doctrine of self-defence may be considered as sufficiently given.

5. SAME—*assuming fact, properly refused.* An instruction which assumes the existence of a material fact in the case, is calculated to mislead, and is properly refused.

6. SAME—*directing attention in one to another.* In a criminal case, the court, in giving an instruction for the defendant, added thereto, "given to be considered in connection with instruction 13," which was also one of defendant's instructions, and one to which the court had added a lengthy modification: *Held,* that as it was the duty of the jury to consider all the instructions together, there was no error in the addition of such words.

7. NEW TRIAL—*newly discovered evidence.* A new trial will not be granted on the ground of newly discovered evidence, when it is merely cumulative.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

Messrs. FORREST & MAY, for the plaintiff in error:

It has been expressly decided by this court that an instruction in the words of section 149, on the question of self-defence, is erroneous. *Roach* v. *People,* 77 Ill. 30; *Schnier* v. *People,*

23 id. 17. See, also, *Maher* v. *People*, 24 Ill. 241; *Steinmeyer et al.* v. *People*, 95 id. 383.

Defendant was entitled to an acquittal if he had reasonable apprehensions of losing his life or receiving great bodily harm when he fired the shot. 'It was not necessary that his danger was actual. *Campbell* v. *People*, 16 Ill. 17.

It is not enough that some other instruction states the law correctly, as it is impossible to say on which the jury acted. *People* v. *Anderson*, 44 Cal. 69; *Bradley* v. *State*, 31 Ind. 492; *Steinmeyer et al.* v. *People*, 95 Ill. 383.

Mere words, however insulting and opprobrious, do not amount to an assault, or justify one. 1 Hawkins' Pleas of the Crown, chap. 15, sec. 1; *Commonwealth* v. *Selfridge*, Herrigan & Thompson's Cases of Self-defence, 25.

The court erred in modifying defendant's thirteenth instruction. The modification was long and involved, containing at least four distinct hypotheses, which are erroneous. The second hypothesis begins: "or that the defendant, being the first assailant." This is bad, as assuming a fact. *Roach* v. *People*, 77 Ill. 29. On this branch, as to abridging the right of self-defence, see Herrigan & Thompson's Cases of Self-defence, 226, 227; *Smith* v. *State*, 8 Lea, 402; *Daniel* v. *State*, 10 id. 262.

Mr. LUTHER LAFLIN MILLS, State's Attorney, and Mr. HENRY WENDELL THOMPSON, Assistant State's Attorney, for the People:

Newly discovered evidence, merely cumulative, is no ground for a new trial. *Adams* v. *People*, 47 Ill. 376; *Sahlinger* v. *People*, 102 id. 241.

The instruction given in the language of the statute is not open to the objection taken in *Roach* v. *People*, 77 Ill. 30. In that case the instruction embodied only a part of the law of self-defence, to-wit, section 149, and not, as in this case, the whole of that law. In addition the court gave

defendant's thirteenth instruction, which, taken in connection with the People's, left no possibility for the jury to be misled. *Steinmeyer* v. *People*, 95 Ill. 390, does not apply.

There was no error in the modification of instruction No. 13. It does not assume any fact, and was not calculated to mislead. The third and fourth clauses of the modification are supported by *Adams* v. *People*, 47 Ill. 378.

A party can not avail himself of the right of self-defence if the necessity for its exercise is brought on by his deliberate and lawless acts for the purpose of taking life. *Adams* v. *People*, 47 Ill. 378; 1 Wharton on Crim. Law, (8th ed.) secs. 476, 485; *State* v. *Neeley*, 20 Iowa, 116; Foster on Crim. Law, 132; 1 East's Pleas of the Crown, 239, sec. 23; 1 Russell on Crimes, 718, 719.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an indictment against John Kinney for the murder of Peter Vigo, in a saloon in Chicago, on Sunday night, November 26, 1882. On a trial of the cause the jury found the defendant guilty of manslaughter, and fixed his term of imprisonment in the penitentiary at ten years. The court overruled a motion for a new trial, and rendered judgment on the verdict, and the defendant sued out this writ of error, and assigns various errors, the first of which is, that the verdict is not sustained by the evidence.

It is claimed by counsel for the defendant that the shooting was done in self-defence. We have examined the evidence contained in the record with much care, and in our judgment it entirely fails to establish the fact that the defendant, in the shooting, acted in self-defence; on the other hand, the evidence plainly shows that the shooting was a reckless and unjustifiable act.

It appears from the evidence that the shooting was done in Spiegel's saloon, between eleven and twelve o'clock at night. Spiegel, Horton and Dinsmore were present. Hor-

ton was not called as a witness, but Spiegel and Dinsmore, who saw and heard what occurred, both testified in the case, and they do not disagree as to the main facts. From the testimony of these two witnesses it appears that the defendant, who was somewhat intoxicated, commenced cursing and abusing the "Dutch," and asked the bar-keeper (Vigo) if he was a "Dutchman." The bar-keeper replied that he was no "Dutchman," but a good many of his friends were Germans. Defendant replied, "I don't give a damn for you or your friends." At the same time he called for two glasses of beer. The bar-keeper said, "No, you have got all you want." Spiegel, the owner of the saloon, then went up to the bar near where the defendant was standing, (Vigo, the bar-keeper, being behind the bar,) and offered to get the defendant a glass of beer, but he refused to take it of Spiegel, but demanded that Vigo should give him the beer. At the same time he drew his revolver. The witnesses then say: "Vigo grabbed it, but he was not strong enough to hang on to it, and Kinney pulled it away from him." Then "he squared himself up again, and snapped or fired, or both, at Vigo," who also had drawn a revolver. The defendant fired a second shot, and then left the saloon. Whether it was the first or second shot which killed the deceased does not appear, nor is it material.

From the testimony of these two witnesses it is apparent that the defendant commenced the quarrel, and without provocation, and when in no danger whatever, drew his revolver and attempted to shoot Vigo, and accomplished that purpose, and fled from the saloon. It is true the defendant testified that Vigo drew his revolver first and snapped it at him, but this evidence is not enough to overcome the testimony of two disinterested witnesses, who appear to be entirely credible and reliable.

Nor is the testimony of the witnesses for the People overcome by the evidence of the witness Logan, who undertook

to corroborate the defendant. This witness, according to his evidence, came to the saloon with the defendant, but immediately left, and was gone some time, and returned just in time to witness the difficulty. But no other witness saw him, and it seems strange that he was unobserved by any one if he was present. Indeed, it seems probable, when all the evidence is considered, that he was not present when the difficulty occurred. This seems more probable from the fact that the defendant himself does not testify that Logan was there when the difficulty occurred, as he probably would if such was the case.

We now come to the instructions of the court, and, first, it is claimed that instruction No. 2, given for the People, is erroneous. This instruction is a copy *verbatim* of sections 148 and 149 of the Criminal Code, and we are not aware that it has ever been held that an instruction in the language of the statute, embracing the two sections, was erroneous. In *Roach* v. *The People*, 77 Ill. 30, it was held that where the defendant seeks to justify the killing as in self-defence, an instruction conveying the idea that the justification can not be sustained unless the danger was not only apparently imminent but was actual and positive, is erroneous. In that case the rule which had been established in *Campbell* v. *The People*, 16 Ill. 17, and subsequent cases, was followed, in which it was held that where a party is assaulted in such a way as to induce in him a reasonable and well grounded belief that he is actually in danger of losing his life, or suffering great bodily harm, he will, when acting under such apprehension, be justified in defending himself, whether the danger is real or only apparent. Now, while an instruction in the language of section 149 of the Criminal Code, standing alone, might be liable to mislead, and erroneous, as in the *Roach case*, for the reason that it debarred a party threatened with danger of the right to determine, from the actual state of things surrounding him, as to the necessity of resort-

ing to self-defence, yet when the same instruction is so qualified as to inform the jury, as did the one in question, in the language of section 148, that he would be justified in defending himself when the circumstances were sufficient to excite the fears of a reasonable person, and that he really acted under the influence of those fears, and not in a spirit of revenge, we perceive no ground for holding that the law of self-defence was not properly given to the jury. Indeed, the language of section 148 may be regarded as broad enough to authorize the rule established in the *Campbell case*, and subsequent cases on the same subject.

It is also claimed that the court erred in refusing instructions Nos. 12 and 16. As to instruction No. 12, it announces as a fact that the deceased drew his revolver and snapped it at the defendant. This of itself would be a sufficient ground to authorize the court to reject the instruction. The existence of facts should not be assumed in instructions, as such instructions are liable to mislead. Facts are always to be established from the evidence, and an instruction which assumes the existence of a fact, not being based on evidence, is erroneous. Instruction No. 16 in substance announced to the jury that if they found certain things from the evidence, and that thereupon the defendant, being under reasonable apprehension of suffering great bodily harm, etc., drew his revolver and shot the deceased, he was acting in self-defence. The instruction is liable to at least one serious objection. It was not enough that the defendant was under reasonable apprehension of danger, but all the cases hold that he must have had not only a reasonable but a well grounded belief, from the surrounding circumstances, that he was actually in danger of losing his life or suffering great bodily harm.

The defendant requested the court to give the following instruction—No. 13:

"The court instructs the jury, that if they believe, from the evidence, that the defendant was assaulted by the deceased in such a way as to induce in the mind of the defendant a reasonable and well grounded belief that he was actually in danger of losing his life or of suffering great bodily harm, then he was justified in shooting the deceased, whether the danger was real or only apparent. Actual or positive danger is not indispensable to justify self-defence. The law considers that men, when threatened with danger, are obliged to judge from appearances, and determine therefrom as to the actual state of things surrounding them; and in such cases, if persons act from honest conviction, induced by reasonable evidence, they will not be held responsible criminally for a mistake as to the extent of the actual danger."

The court refused to give the instruction as asked, but added the following modification:

"In connection with this instruction the jury are further instructed, that if they find, from all the evidence, that the defendant sought for and attempted to provoke a personal difficulty with the deceased, Vigo, and that he, and not Vigo, was the first assailant; or that the defendant being the first assailant, he had not really and in good faith endeavored to decline any further struggle before the mortal shot was fired; or if they believe, from the evidence, that the defendant sought for and attempted to provoke a personal difficulty with the deceased, with the intent to kill him if he did make the first assault, then in neither of such cases would the defendant be justified in killing the deceased upon the theory of self-defence because of such assault by the deceased, Vigo, before the fatal shot was fired; and if the defendant, without any previous malice against the deceased, and with no intent to take his life, did seek for and provoke a personal difficulty with the deceased which resulted in such assault being made by the deceased, that the defendant, at the time he so sought for and attempted to provoke such personal difficulty, did not

expect such conduct of his to result in such assault by the deceased, but that it did result in such assault being made, and in defendant thereupon with his revolver firing the fatal shot, as stated in this instruction, then such act of defendant in so killing Vigo can not be justified upon the ground of self-defence, and that while such would not be murder, it would amount to manslaughter."

We perceive no error in the modification. Under the evidence in this case we are of opinion that the modification was clearly within the rule announced in *Adams* v. *The People*, 47 Ill. 378.

To instructions Nos. 14 and 15, of defendant, the court added the following: "Given to be considered in connection with instruction 13." This modification is claimed to be erroneous. It was the duty of the jury to consider all the instructions together, and the mere fact that they were directed by the court to consider the two instructions mentioned in connection with one other in the series, could not mislead.

One other question remains to be considered. On the motion for a new trial one of the points relied upon was newly discovered evidence, and in support of the motion the affidavit of the defendant and one William T. Kinney, the witness by whom the newly discovered evidence could be proved, was read. A new trial will not be granted on the ground of newly discovered evidence where such evidence is merely cumulative. William T. Kinney was a colored man, and assisted Cook in taking care of the deceased before he died. It was proposed to prove by him certain declarations made by the deceased a short time before he died, in regard to the shooting; but upon an examination of the affidavit it will be found that these declarations were in substance the same as those testified to by Cook, and hence the testimony falls within the rule of cumulative evidence.

The judgment of the Criminal Court will be affirmed.

*Judgment affirmed.*