## Baltimore & O. S. W. Ry. Co. v. L. C. Abbott.

1. RAILROADS—*Sufficiency of Cattle-Guards, a Question of Fact.*—The sufficiency of a cattle-guard is a question of fact for the determination of the jury.

**Trespass on the Case.**—Killing domestic animals. Appeal from the Circuit Court of Richland County; the Hon. SILAS Z. LANDES, Judge, presiding. Heard in this court at the February term, 1895. Affirmed. Opinion filed July 1, 1895.

JOHN G. DRENNAN and ANDREW J. LESTER, attorneys for appellant.

R. S. ROWLAND, attorney for appellee.

MR. PRESIDING JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

The question of fact presented to and passed upon by the jury was the sufficiency or insufficiency of a certain cattle-guard to turn ordinary stock. If the cattle-guard was insufficient, then appellant was liable for killing appellee's mare and colt, and the verdict should be sustained.

This was a pit cattle-guard twelve feet in length and of the width of the track. It was made of wood and consisted of nine ties cut to an edge on the upper side, and about ten inches apart, and of stringers, or mud-sills, underneath, which were about twelve inches square and twelve feet long, and were parallel with the rails. It appears from the expert testimony that the depth of such a cattle-guard should be from twenty-six to thirty inches. If the depth is much less, animals might be able to walk through the cattle-guard; if the depth is much more, animals attempting to pass through might not be able to extricate themselves, and thus be held in a trap for immolation. The witnesses disagree as to the sufficiency of this cattle-guard. The mare and her young colt did walk through it, and meet their death while standing "huddled together" on the track. On the whole we think that the evidence warranted the finding that the cattle-guard was insufficient.

But it is said that the court erred in giving appellee's first instruction, which stated the law as to the construction of cattle-guards in the language of the statute. It is argued that the terms of the statute make it the duty of appellant to maintain such cattle-guards as are sufficient, whereas the statute, as construed by the courts, only requires the maintenance of such cattle-guards as are reasonably sufficient, or sufficient to turn ordinary stock under ordinary circumstances. But this construction of the law was given to the

jury in other instructions, so that men of ordinary intelligence could not have been misled by the absolute terms of the statute.

Reference may be made to the law of self-defense as illustrative of this point. The statute provides that, to justify the killing, it must appear that the danger was so urgent and pressing that the killing was absolutely necessary. Sec. 149 of the Criminal Code. Notwithstanding the unqualified terms of the statute, self-defense is sufficiently established if it is shown that the danger was apparent only, and that the defendant acted as a reasonable man would have done under the same circumstances. And yet, in the instructions to the jury, it is not error to give the language of the statute, if other instructions sufficiently show that the danger need not be real, but only apparent. Cainey et al. v. The People, 97 Ill. 270, and Kinney v. The People, 108 Ill. 519.

It is also urged that the court erred in modifying appellant's second and eighth instructions, to the effect that the cattle-guard should have been reasonably sufficient to turn this mare and colt under ordinary circumstances. It is said that this mare and colt may have been breachy, and that appellant was not required to maintain such a cattle-guard as would turn breachy stock. But the evidence shows that the mare and colt were not breachy; and therefore appellant's interests were not prejudiced, even if the modification was improperly made. It is also said that the court erred in modifying appellant's fifth instruction by inserting therein the clause " without the fault of the defendant company." It is true that this modification would make appellant liable if the stock became frightened through the fault of the company, whatever the fault may have been, and that the declaration charges no negligence except the insufficiency of the cattle-guard. But the error was certainly a harmless one. The ground of the recovery was so repeatedly stated to the jury that this modification could not have been prejudicial to appellant's rights.

We have found no harmful error in the record, and the judgment is affirmed.